UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROGRESSIVE HEALTH AND REHAB CORP., an Ohio corporation, individually and as the representative of a class of similarly-situated persons<br><br>Plaintiff,<br><br>v.<br><br>INDEGENE, INC., a Delaware corporation, INDEGENE ENCIMA, INC., INDEGENE WINCERE, INC., and INDEGENE HEALTHCARE, LLC<br><br>Defendants. | **MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Civil Action No.    3:20-CV-10106 |

The undersigned counsel, David S. Kasdan, Esq. ("Kasdan") and Boyd Richards Parker and Colonnelli, P.L., (the "Law Firm"), hereby file their motion pursuant to RPC 1.16(b), for this Court to enter an Order allowing said attorney and Law Firm to withdraw as counsel for Defendants, INDEGENE, INC., INDEGENE ENCIMA, INC., INDEGENE WINCERE, INC., and INDEGENE HEALTHCARE, LLC (collectively referred to herein as the "Defendants") and as grounds therefore would state:

1. Kasdan and the Law Firm move pursuant to RPC 1.16(b) to withdraw as counsel for the Defendants.

2. As relevant here, L. Civ. R. 130.1(a) provides that the "Rules of the Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice" in the New Jersey Federal Courts. See McKowan Lowe & Co. v. Jasmine, Ltd., 2005 U.S. Dist. LEXIS 53711 * 3 (D.

N.J. 2005) (holding that the New Jersey Rules of Professional Conduct ["RPC"] are applicable in federal court cases involving motions for withdrawal of counsel).

3. RPC 1.16(b)(4) provides in pertinent part that a lawyer may withdraw from representing a client if "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundament disagreement."

4. There exists irreconcilable differences between the Law Firm and the Defendants which constitutes a fundamental disagreement as to the handling and defense of this matter, and therefore precludes further employment of counsel. See RPC 1.16(b)(4); see also Clear v. Seth Transp. II, 2020 U.S. Dist. LEXIS 259483 * 4, 7 (D. N.J. 2020) (granting the defendant's motion to withdraw as counsel due to a fundamental breakdown in attorney-client communications and irreconcilable differences of opinion between counsel and client as to how the litigation should proceed); TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC, 2140 U.S. Dist. LEXIS 198223 * 5 (D. N.J. 2014) (granting the defendants' motion to withdraw as counsel based upon a fundamental disagreement between the attorney and his client as to the defense against the plaintiff's claims and how to prosecute the counterclaim).

5. With respect to litigation posture, the current Scheduling Order provides for a deadline of August 1, 2022 to file motions to amend the pleadings, completion of all expert discovery is set for November 14, 2022, and completion of fact discovery is set for November 14, 2022. [D.E. 51].

6. The matter is not currently set for trial.

7. Based upon the foregoing, it is respectfully submitted that allowing the undersigned counsel and Law Firm to withdraw at this time will not serve to prejudice any parties to this litigation

or cause any meaningful delays, nor will it cause a material adverse effect on the interests of the Defendants. See Clear, supra; TBI Unlimited, supra; Rusinow v. Kamara, 920 F. Supp. 69, 71 (D. N.J. 1996).

8. In conjunction with Kasdan and the Law Firm's request for leave to withdraw, Kasdan and the Law Firm respectfully request that the service of any pleadings, motions, discovery, orders, and any and all communications concerning this matter be served upon the Defendants at their last known mailing address:

> Indegene, Inc.
> 50 College Road W
> Suite 104
> Princeton, NJ 08540

9. Undersigned counsel also requests that this Court stay these proceedings for a thirty (30) day period to allow the Defendants to retain new counsel and requests that no hearings, depositions, or conferences take place during this time period.

WHEREFORE, undersigned counsel, David S. Kasdan, Esq., respectfully requests that this Court enter an Order, pursuant to RPC 1.16(b), granting leave for David S. Kasdan, Esq. and Boyd Richards Parker and Colonnelli, P.L., to withdraw as counsel of record for the Defendants, INDEGENE, INC., INDEGENE ENCIMA, INC., INDEGENE WINCERE, INC., and INDEGENE HEALTHCARE, LLC.

Dated: May 20, 2022

> BOYD RICHARDS PARKER &
> COLONNELLI, P.L.
> Attorneys for the Indegene Defendants
>
> By: /s/ **David S. Kasdan**
> David S. Kasdan, Esq.
> 1500 Broadway – Suite 505
> New York, New York 10036
> Tel. (212) 400-0626

E-Mail: dkasdan@boydlawgroup.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 20, 2022, I electronically filed the foregoing with the Clerk of Court via the New Jersey Courts E-Filing Portal; and, a true and correct copy of the foregoing was also served via e-mail on all parties on the below Service List.

By: **/s/ David S. Kasdan**
**David S. Kasdan, Esq.**

**SERVICE LIST**

Ryan M. Kelly, Esq.
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Email: rkelly@andersonwanca.com
*Attorneys for Plaintiff*

Matthew N. Fiorvanti, Esq.
Michael J. Canning, Esq.
Giordano, Halleran & Ciesla
125 Half Mile Road, Suite 300
Red Bank, NJ  07701-6777
Email:  mfiorovanti@ghclaw.com
        mcanning@ghclaw.com
*Attorneys for Plaintiff*

Mr. Jaisriram Krishnan
Indegene, Inc.
150 College Road W
Suite 104
Princeton, NJ 08540
***Defendants***

4